IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KOMPASS KAPITAL FUNDING, LLC,

        **Plaintiff,**

v.

SAGE SURFACES, LLC,

        **Defendant.**

Case No. 22-2522-DDC-TJJ

_____

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Sage Surfaces, LLC's Motion to Transfer, or Alternatively, to Dismiss for *Forum Non Conveniens* (Doc. 11).  Plaintiff Kompass Kapital Funding, LLC responded (Doc. 13), and defendant replied to plaintiff's Response (Doc. 16).  For reasons explained below, the court grants defendant's Motion to Transfer and transfers this lawsuit to the United States District Court for the Southern District of Texas.  Also, it denies as moot defendant's Motion to Dismiss.

## I.    Factual and Procedural Background

The following facts come from the Verified Petition that plaintiff filed in Johnson County, Kansas District Court (Doc. 1-1), as well as exhibits attached to defendant's Memorandum in Support of its Motion to Transfer, or Alternatively, to Dismiss (Doc. 12).[1]

---

[1]     The court properly may consider these documents when deciding the Motion to Transfer, or alternatively, to Dismiss without converting the motion into a summary judgment motion.  Defendant's motion asserts that the court should transfer, or alternatively, dismiss this action because a contract's forum selection clause requires the parties to litigate the case in Harris County, Texas.  The existence of a "valid forum selection clause may prohibit a federal court from exercising jurisdiction if the parties contractually agreed to litigate the matter elsewhere."  *K.R.W. Constr., Inc. v. Stronghold Eng'g Inc.*, 598 F. Supp. 3d 1129, 1135–36 (D. Kan. 2022).  When determining whether the court has jurisdiction to decide a dispute, "a district court has wide discretion to allow affidavits, other documents, and a limited

Defendant—a provider of countertop surfacing products—entered an agreement with Braco Sales, Inc., a nonparty to this action. Doc. 12-2 (Sage/Braco Agreement). Plaintiff then entered a factoring agreement[2] with Braco. Doc. 1-1 at 2 (Pet. ¶ 7). The factoring agreement gave plaintiff an option to purchase from Braco all accounts receivable owed to Braco. *Id.* (Pet. ¶ 9). Plaintiff exercised that option and purchased all accounts receivable that defendant owed to Braco. *Id.* at 3 (Pet. ¶ 12). Plaintiff notified defendant, and defendant acknowledged that notification. *Id.* at 3–4 (Pet. ¶¶ 13–14). Between November 24, 2021, and January 26, 2022, defendant made payments that it owed to Braco directly to plaintiff. *Id.* at 4 (Pet. ¶ 15). Braco then informed defendant that it should stop making payments to plaintiff and, instead, should make payments directly to Braco. Doc. 12-3 (emails from Braco to Sage). Defendant then remitted $112,753.41 to Braco. Doc. 1-1 at 4 (Pet. ¶ 16). Plaintiff alleges that defendant should have made this payment to plaintiff—not Braco—and that defendant thus owes plaintiff this amount plus interest and attorneys' fees. *Id.* at 4–5 (Pet. ¶¶ 16, 20, 21, 22).

Plaintiff filed this action in the District Court of Johnson County, Kansas. Doc. 1-1 at 1–5 (Pet.). Defendant removed the case to our court, invoking diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. Defendant now has moved to transfer, or alternatively, dismiss this case

---

evidentiary hearing to resolve disputed jurisdictional facts." *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (citation and internal quotation marks omitted). "The court's exercise of such discretion does not convert a Rule 12(b)(1) motion into a summary judgment motion unless resolution of the jurisdictional question is intertwined with the merits." *Id.* (citation and internal quotation marks omitted). Here, resolution of the jurisdictional question isn't intertwined with the merits. So, the court properly can consider documents outside the pleadings on this motion without converting to a summary judgment motion.

[2]       "'[F]actoring' in modern commercial practice is understood to refer to the purchase of accounts receivable from a business by a 'factor' who thereby assumes the risk of loss in return for some agreed discount." 32 Am. Jur. 2d *Factors and Commission Merchants* § 2 (2023).

based on a forum selection clause[3] contained in the agreement between defendant and Braco. These issues are fully briefed.  As explained below, the court grants defendant's Motion to Transfer and denies as moot defendant's Motion to Dismiss.

## II.    Legal Standard

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Even where a federal court has subject matter jurisdiction, "a valid forum selection clause may prohibit a federal court from exercising jurisdiction if the parties contractually agreed to litigate the matter elsewhere." *K.R.W. Constr., Inc. v. Stronghold Eng'g Inc.*, 598 F. Supp. 3d 1129, 1135–36 (D. Kan. 2022).

## III.    Analysis

Defendant asserts that the court should transfer, or alternatively, dismiss this action because a forum selection clause contained in the agreement between defendant and Braco

---

[3]    Plaintiff argues that, based on Tenth Circuit precedent, the clause at issue is best referred to as a "choice of venue clause."  Doc. 13 at 1 n.1 (citing *SBKC Serv. Corp. v. 111 Prospect Partners, L.P.*, 105 F.3d 578, 582 (10th Cir. 1997)).  The court disagrees.  Our Circuit has explained that the term "forum selection clause" applies "only to agreements which clearly confine litigation to specific tribunals to the exclusion of all others." *SBKC Serv. Corp.*, 105 F.3d at 582; *Jones v. KP&H LLC*, 288 F. App'x 464, 467 n.3 (10th Cir. 2008).  As discussed below, the clause at issue here does exactly that. *See K.R.W. Constr., Inc. v. Stronghold Eng'g Inc.*, 598 F. Supp. 3d 1129, 1139–40 (D. Kan. 2022) (referring to a clause providing that litigation "shall be brought in Riverside County, State of California" as a forum selection clause).

requires the parties to litigate this dispute in Harris County, Texas.  The court addresses this

question, below.  But first, the court identifies the governing law that applies to this dispute.

A.      **Choice of law**

Our court has determined that the effect of a forum-selection clause is a matter of federal

law.  *K.R.W. Constr., Inc.*, 598 F. Supp. 3d at 1135.  Here, however, the court also must

determine whether plaintiff is bound by the forum selection clause.  And because defendant

argues that plaintiff is bound by the forum selection clause based on the Uniform Commercial

Code, the court also must apply substantive state contract law.  *See* 15 Charles A. Wright, Arthur

R. Miller & Richard D. Freer, *Federal Practice and Procedure* § 3803.1, Westlaw (4th ed.

updated Apr. 2023) (noting that "the context in which the clause is asserted can be

determinative" and that federal law may not apply if the issue is not "whether the forum selection

clause is enforceable" (citations omitted)).

A federal court exercising diversity jurisdiction applies the substantive law of the forum

state, where the court is located, including its choice of law rules.  *Emp'rs Mut. Cas. Co. v.

Bartile Roofs, Inc.*, 618 F.3d 1153, 1170 (10th Cir. 2010) (citation omitted).  So, our court

applies Kansas's choice of law principles.  The Kansas Supreme Court has adopted a general rule

that "'the law of the forum applies unless it is expressly shown that a different law governs, and

in case of doubt, the law of the forum is preferred.'"  *Brenner v. Oppenheimer & Co., Inc.*, 44

P.3d 364, 376 (Kan. 2002) (quoting *Sys. Design & Mgmt. Info., Inc. v. Kansas City Post Office

Emps. Cred. Union*, 788 P.2d 878, 881 (Kan. Ct. App. 1990)).  "'Generally the party seeking to

apply the law of a jurisdiction other than the forum has the burden to present sufficient facts to

show that other law should apply.'"  *In re K.M.H.*, 169 P.3d 1025, 1032 (Kan. 2007) (quoting

*Layne Christensen Co. v. Zurich Canada*, 38 P.3d 757, 767 (Kan. Ct. App. 2002)).

4

Here, defendant asserts that the court need not conduct a choice of law analysis because the governing law is the same under either state's law that could apply. The agreement between defendant and Braco contains a choice of law provision requiring that Texas law govern the agreement. Doc. 12-2 at 9 (Safe/Braco Agreement). But because both Texas and the forum state—Kansas—have adopted the U.C.C., the court need not conduct a choice of law analysis since both state's laws are the same. *Avedon Eng'g, Inc. v. Seatax*, 126 F.3d 1279, 1284 (10th Cir. 1997) ("[C]hoice of law analysis is generally unnecessary if the relevant states have enacted identical controlling statutes."); *see also Schlumberger Tech. Corp. v. Greenwich Metals, Inc.*, No. 07-2252-EFM, 2009 WL 5217358, at *5 (D. Kan. Dec. 30, 2009) (declining to conduct a choice of law analysis where parties had "not identified any state law principles that differ or affect the interpretation of [the] contract under the UCC").

**B.** **Whether plaintiff is bound by the forum selection clause**

Next, the court must determine whether plaintiff is bound by the forum selection clause contained in a contract between defendant and Braco. The court concludes that plaintiff is bound by that provision. Plaintiff argues that it is not bound by the forum selection clause because (1) the forum selection clause does not contemplate an action on the accounts receivable; (2) plaintiff is pursuing a private cause of action under U.C.C. § 9-406, not a breach of contract claim; and (3) under U.C.C. § 9-404, plaintiff—an assignee of Braco—is not subject to all terms of the agreement between defendant and Braco. Doc. 13 at 2–8. The court addresses each argument, in turn.[4]

---

[4]     As discussed above, both Texas and Kansas have adopted the U.C.C. The two provisions at issue here—§ 9-404 and § 9-406—are codified in Texas as Tex. Bus. & Com. Code Ann. §§ 9.404, 9.406 and in Kansas as Kan. Stat. Ann. §§ 84-9-404, 84-9-406.

1.      **Forum selection clause scope**

Plaintiff argues that the forum selection clause contained in someone else's contract—the agreement between defendant and Braco—does not apply to an action on the accounts.  Doc. 13 at 6.  The court is not persuaded.  The forum selection clause reads:

> **<u>Choice of Law and Venue.</u>**  This Agreement shall be governed by the laws of the State of Texas, without the application of conflict of laws principles.  Any judicial proceeding arising out of this Agreement shall be adjudicated in a court of competent jurisdiction with venue of the action being situated in Harris County, Texas.

Doc. 12-2 at 9 (Sage/Braco Agreement).  Plaintiff argues that this provision doesn't apply to this case because plaintiff isn't seeking to enforce any terms of the agreement between defendant and Braco.  Doc. 13 at 6.  Plaintiff further argues that its claim arises out of a violation of the U.C.C. and thus does not arise out of the original agreement.  *Id.*

The scope of the forum selection clause is an issue of contract interpretation.  At issue here is the forum selection clause's use of the language "arising out of this Agreement."  The phrase "arising out of" is narrow.  *E.g.*, *EarthKind, LLC v. Lebermuth Co. Inc.*, No. 5:19-CV-00051-KDB-DCK, 2020 WL 1815903, at *5 (W.D.N.C. Apr. 9, 2020) ("[F]ederal courts have repeatedly interpreted the scope of 'arising out of' a contract more narrowly than language such as 'relating to,' 'associated with,' or 'arise in connection with' a contract."); *Valencell, Inc. v. Apple Inc.*, No. 5:16-CV-1-D, 2017 WL 2819768, at *1 (E.D.N.C. June 28, 2017) ("Numerous courts have held that 'arising out of' forum-selection clauses are narrower than forum-selection clauses that cover, for example, litigation 'arising out of or related to' an agreement, or 'arising out of or in connection with' an agreement.").  The ordinary meaning of the phrase "arising out of" is "to originate from a specified source."  *Reading Health Sys. v. Bear Stearns & Co.*, 900 F.3d 87, 99 (3d Cir. 2018); *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 389–90 (2d Cir. 2007).

To satisfy that definition, a plaintiff's claims must involve an assertion of "rights or duties under that contract." *See Reading Health Sys.*, 900 F.3d at 99 (citation and internal quotation marks omitted); *Phillips*, 494 F.3d at 391.

Here, plaintiff's claim originates in the agreement between defendant and Braco. Defendant allegedly is liable to plaintiff only because of a duty incurred in that original agreement. Even if U.C.C. § 9-406 provides for a private cause of action, the original source of liability for defendant is the agreement that it entered with Braco. The comments to U.C.C. § 9-406 clarify that "once the account debtor receives the notification, the account debtor cannot *discharge its obligation* by paying the assignor." U.C.C. § 9-406 cmt. 2 (emphasis added). The obligation that defendant allegedly owes is grounded in its original agreement, so plaintiff's claims arise out of that agreement. *See Forest Cap., LLC v. BlackRock, Inc.*, 658 F. App'x 675, 680 (4th Cir. 2016) ("[S]ection 9-406 . . . imposes no obligations on the account debtor; whatever 'obligation' the account debtor may have is assumed to exist already."). Nor does the existence of a statutory violation undermine this conclusion. "[F]ederal courts have routinely rejected [the] suggestion that a claim arising under a law . . . is exempt from provisions governing disputes between contracting parties." *Phillips*, 494 F.3d at 388 (compiling cases).

## 2.    Private cause of action

For much the same reasons, the court is unmoved by plaintiff's assertion that it is not bound by the forum selection clause because it is asserting a private cause of action and not a claim for breach of contract. As discussed above, plaintiff's claim arises out of the original agreement. Thus, it is within the purview of the forum selection clause. *See Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993) ("Regardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs

7

the action.").  And the cases that plaintiff cites to support its argument are largely irrelevant to

the question whether the forum selection clause applies here.  They conclude that an assignee

may maintain an action against a debtor under U.C.C. § 9-406, but they say nothing about that

action's relationship to the original contract entered by the debtor.  *See, e.g.*, *United Cap.*

*Funding Corp. v. Ericsson, Inc.*, No. C15-0194JLR, 2018 WL 3619633, *5–6 (W.D. Wash. July

30, 2018) (concluding that U.C.C. § 9-406 supports a private cause of action sufficient to defeat

a 12(b)(6) motion to dismiss); *Greenfield Com. Credit, L.L.C. v. Catlettsburg Refining, L.L.C.*,

No. CIV.A.03-3391, 2007 WL 97068, at *3 (E.D. La. Jan. 9, 2007) ("It is well established that

an account debtor who fails to comply with a valid assignment and improperly pays the assignor

may be liable to the assignee for the amount of the improper payment.").  In short, plaintiff's

claim arises out of the original agreement between defendant and Braco.

### 3.    U.C.C. § 9-404

Plaintiff next argues that it is not bound by the forum selection clause because U.C.C. §

9-404 does not require its application to the dispute here.  Doc. 13 at 6–8.  The court disagrees.

This statute unambiguously subjects the assignee to "[a]ll terms of the agreement between the

account debtor and assignor . . . ."  U.C.C. § 9-404(a)(1); Kan. Stat. Ann. § 84-9-404(a)(1); Tex.

Bus. & Com. Code Ann. § 9.404(a).  Many courts have considered this provision in the context

of arbitration clauses, and "the weight of authority holds that 'a transfer of accounts receivable

includes the transfer of the underlying contractual terms[.]'"  *Holland v. Lvnv Funding, LLC*, No.

5:16-CV-00069, 2016 WL 6156187, at *7 (W.D. Ky. Oct. 21, 2016) (quoting *Martin v. Cavalry*

*SPVI, LLC*, Civil No. 13-88-GFVT, 2014 WL 1338702, at *6 (E.D. Ky. Mar. 31, 2014)

(compiling cases)).  And as the plain language of the statute suggests, courts agree that U.C.C. §

9-404 means that "the assignee stands in the shoes of the assignor."  *Oxford Com. Funding, LLC*

*v. Cargill, Inc.*, No. 00 C 4996, 2002 WL 31455989, at \*3 (N.D. Ill. Oct. 31, 2002) (citation and internal quotation marks omitted).

Fewer courts have considered U.C.C. § 9-404 in the context of a forum selection clause. Still, those who have also have concluded that assignees are bound by forum selection clauses contained in an underlying debt agreement. *GMAC Com. Credit, LLC v. Dillard Dep't Stores, Inc.*, 198 F.R.D. 402, 407–08 (S.D.N.Y. 2001); *Receivables Purchasing Co., Inc. v. Eng'g & Pro. Servs., Inc.*, No. CV 08-2134, 2009 WL 10672544, at \*3 (W.D. Ark. Feb. 19, 2009). And their logic is compelling. "If the law embodied by U.C.C. § [9-404(a)] did not apply to forum selection clauses, then the clauses would serve little purpose, because a party could escape the effect of a forum selection clause by assigning or subrogating its rights." *GMAC*, 198 F.R.D. at 407 (citation and internal quotation marks omitted). Plaintiff tries to distinguish these cases, arguing that they didn't involve the debtor making improper payments to the assignor. This is a distinction without a difference. Neither the text of the statute nor the rationale of *GMAC* turns on whether the debtor first made an improper payment to the account assignor. The plain language of U.C.C. § 9-404 mandates that plaintiff is bound by "all terms" of the original agreement between defendant and Braco. And concluding otherwise would allow account assignors to subrogate unfavorable contractual clauses by assigning the accounts to a third party.

Plaintiff argues that this interpretation creates absurd results. Doc. 13 at 5. Plaintiff asserts that "multiple purchase orders with varying terms can be the basis of liability for a single account debtor" and that such a situation could cause an assignee to face contradictory forum selection clauses "on a single debt that is owed." *Id.* In such a case, however, there isn't a "single debt." Instead, each unpaid purchase order would represent its own debt, and an assignee would have to recover each debt under whatever contractual agreements support that debt. Such

a result—while potentially judicially inefficient—is not absurd.  And just as important, it's an outcome that a putative assignee could evaluate before agreeing to purchase accounts.  In short, the unambiguous language of U.C.C. § 9-404 requires that an assignee of an account is subject to "all terms"—including any forum selection clause—of the original agreement between the assignor and debtor.  Thus, plaintiff here is bound by the terms of the agreement between defendant and Braco—including its forum selection clause.

### C.    Effect of the forum selection clause

Having determined that plaintiff is bound by the forum selection clause contained in the original agreement between defendant and Braco, the court next must determine what effect the forum selection clause has.  Plaintiff argues that the forum selection clause does not select *any* forum, and thus, the court should deny defendant's motion. Doc. 13 at 8–9.  Also, and alternatively, plaintiff argues that the court should deny defendant's motion because the public interest factors weigh against transfer or dismissal.  *Id.* at 9–12.

### 1.    The forum selection clause selects Harris County, Texas.

The forum selection clause at issue here is mandatory because it uses the word "shall." *K.R.W. Constr., Inc.*, 598 F. Supp. 3d at 1143, 1143 n.76.  The clause selects "Harris County, Texas" as the agreed forum.

Plaintiff argues that there is no court of "competent jurisdiction" in Harris County, Texas because no court in Harris County has personal jurisdiction over plaintiff. Doc. 13 at 8.  But this argument misses the mark because consent to a forum selection clause is "express consent" to personal jurisdiction.  *Olivares v. C.R. Eng., Inc.*, No. 2:22-CV-00123-JNP-JCB, 2022 WL 3025974, at *2 (D. Utah Aug. 1, 2022); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) (noting that "the personal jurisdiction requirement is a waivable right" and that

litigants may stipulate in advance to litigate their disputes in a particular jurisdiction by agreeing to a valid forum-selection clause).  And the court need not consider minimum contacts or the state's long-arm statute when a party consents to suit in a forum.  *Elec. Realty Assocs., L.P. v. Vaughan Real Est., Inc.*, 897 F. Supp. 521, 523 (D. Kan. 1995).  The court thus concludes that the Harris County, Texas District Court is a court of "competent jurisdiction."

### 2.    Enforceability

"A forum-selection clause is presumptively valid."  *K.R.W. Constr., Inc.*, 598 F. Supp. 3d at 1136.  "Such clauses are unenforceable [ ] 'if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'"  *Bowen Eng'g, Corp. v. Pac. Indem. Co.*, 83 F. Supp. 3d 1185, 1190 (D. Kan. 2015) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).  Alternatively, such clauses are unenforceable if the "'party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances.'"  *K.R.W. Constr., Inc.*, 598 F. Supp. 3d at 1136 (quoting *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992)).

Plaintiff argues that enforcing the forum selection clause here is unreasonable because the "Factoring Agreement is based in Kansas[;]" plaintiff's "interest in the Accounts is based in Kansas[;]" defendant contracted with Braco, "an entity with operations in Kansas[;]" witnesses are in Kansas; and plaintiff didn't know about the forum selection clause when it purchased the accounts from Braco.  Doc. 13 at 10.  The court is not persuaded that plaintiff has carried the "heavy burden" required to disregard a forum selection clause.  No doubt, witnesses and entities in Kansas are relevant to this dispute.  But that doesn't establish that enforcement of the forum

selection clause is unreasonable or unjust.  Similarly, plaintiff doesn't assert that anyone or anything prevented it from learning about the forum selection clause before it purchased the accounts from Braco such that enforcing the forum selection clause will produce an unreasonable or unjust result.  Plaintiff hasn't carried "the heavy burden," and the court declines to disregard the forum selection clause.

### 3.      Transfer

Having determined that plaintiff is subject to a mandatory forum selection clause that selects Harris County, Texas as the agreed forum, the court must analyze whether and how to enforce the clause.  Our court has explained:

> A mandatory forum-selection clause is properly enforced by a motion to transfer pursuant to 28 U.S.C. § 1404(a) or by a motion to dismiss based on the doctrine of *forum non conveniens*.  When the forum-selection clause specifies a different federal forum, transfer under § 1404(a) is appropriate.  When the forum-selection clause specifies a state or foreign forum, it may be enforced through the doctrine of *forum non conveniens*, which requires dismissal if successful.

*K.R.W. Constr., Inc.*, 598 F. Supp. 3d at 1134 (footnotes omitted).

Here, defendant asks the court to transfer the case to the Southern District of Texas.  *See* Doc. 12 at 6 ("[T]he forum selection clause in the Agreement is mandatory and provides for a different federal forum.  Therefore, transfer to the United States District Court for the Southern District of Texas is required."); *see also id.* at 9 (asserting that "transfer pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Texas is required").

Section 1404(a) provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Typically, in a case that doesn't involve a mandatory forum selection clause, "a district court considering a § 1404(a) motion (or a *forum non conveniens*

motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013) (footnote omitted). "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62–63 (quoting 28 U.S.C. § 1404(a)). But the "calculus changes . . . when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* at 63. (citation and internal quotation marks omitted).

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* *First*, "the plaintiff's choice of forum merits no weight." *Id.* Instead, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* *Second*, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* "A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* And, because "those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* And *third*, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not

carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* (citations omitted).

Applying these factors here, *first*, the court gives no weight to plaintiff's choice of forum of the District of Kansas because it's not the forum selection clause's agreed-upon forum. *Second*, the court can't consider arguments about plaintiff's private interests.  It only can consider as relevant the public-interest factors.  *Third*, the court doesn't consider conflict of law issues because the Southern District of Texas would apply Texas law if the court transfers the case to that forum.

For the public interest factors, plaintiff—as the party resisting the forum selection clause—bears the burden to show that the "public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67.  "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 62 n.6 (alteration in original) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

Plaintiff argues that these factors weigh against transfer or dismissal.  Doc. 13 at 10–11. Specifically, plaintiff argues that transferring or dismissing the case will produce administrative burdens; that the effects of defendant's behavior are felt in Kansas; and that Kansas citizens should decide this matter since defendant's "payment abuses" most directly impacted Kansans. *Id.* at 11–12.  These arguments don't convince the court that this lawsuit falls into the category of "'the most exceptional cases'" where a court should disregard a forum selection clause. *K.R.W. Constr., Inc.*, 598 F. Supp. 3d at 1143 (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 63) (emphasis omitted).  That the aggrieved party is located in Kansas and that transfer will produce

minor administrative obstacles are not sufficient to establish that the public-interest factors "'overwhelmingly disfavor'" enforcing the forum selection clause.  *Id.* at 1144 (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 67).  As such, plaintiff hasn't shouldered the burden to show that the court should disregard the mandatory forum selection clause.  Thus, the court enforces the forum selection clause and transfers this action under 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Texas.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Transfer (Doc. 11) is granted.  The court transfers this action to the United States District Court for the Southern District of Texas.  The court denies as moot defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

**Dated this 28th day of April, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
